UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____ )
DEBORAH WAGNER,                   )
                    Plaintiff,    )
                                  )
          v.                      )        CIVIL ACTION
                                  )        NO. 19-12301-WGY
FEDERAL HOME LOAN MORTGAGE         )
CORPORATION,                      )
                                  )
                    Defendant.    )
_____ )

YOUNG, D.J.                                    October 2, 2020

**MEMORANDUM AND ORDER**

## I.  INTRODUCTION

On November 19, 2018 Deborah Wagner ("Wagner") entered into a purchase and sales agreement and stipulation with Federal Home Loan Mortgage Corporation ("Freddie Mac") for the purchase of a residence located at 55 Montgomery Drive, Plymouth, MA (the "Property").  When Freddie Mac declined to go through with the transaction, Wagner sued in the Massachusetts Southeast Housing Court for specific performance, breach of contract, injunctive relief and unfair and deceptive business acts and practices. State Court Record ("State Record") 29, ECF No. 20.

The amended complaint does not plausibly state a claim upon which relief may be granted, and this Court therefore DENIES

Wagner's motion for leave to file.  See ECF No. 26.[1]

### A.   Factual Background

Wagner has lived at the Property for over 20 years, and currently lives there with her teenage son.  Pl.'s Proposed Doc. ("Am. Compl.") ¶ 1, ECF No. 1.  On April 3, 2015 Freddie Mac obtained title to the Property through foreclosure on David Merola -- Wagner's ex-boyfriend.  Id. ¶ 2; State Record 43.

Freddie Mac initiated a summary process action for possession and unpaid use and occupancy of the Property, winning summary judgment on November 3, 2016, in the Southeast Housing Court.  Def.'s App. Ex. Special Mot. Dismiss, Ex. 1, Am. J., Federal Home Loan Mortg. Corp. v. Wagner ("Wagner I"), Summ. Proc. A. No. 16-SP00739 (S.E. Hous. Ct. Nov. 3, 2016), ECF No. 10-1.  In November 2018, Wagner and Freddie Mac signed a stipulation in anticipation of Wagner's intent to purchase the Property.  Aff. Deborah Wagner ("Aff. Wagner") ¶ 3, ECF No. 29; id., Ex. A, Stipulation of the Parties ("Stipulation"), ECF No. 29-1.  The Stipulation set forth that Freddie Mac would provide

---

[1] Massachusetts evictions and foreclosures procedures have been temporarily modified due to the COVID-19 pandemic.  Chapter 65 of the Acts of 2020, An Act Providing for a Moratorium on Evictions and Foreclosures During the COVID-19 Emergency (April 20, 2020), https://malegislature.gov/Laws/SessionLaws/Acts/2020/Chapter65. Regardless of the present Order, the parties must abide by State regulations if Freddie Mac wishes to proceed with physical eviction from the Property.

Wagner with a new purchase and sales agreement and that the closing would occur within thirty days of both parties executing the purchase and sale agreement "subject to reasonable extension for good cause in the discretion of [Freddie Mac]."  Stipulation 2; Aff. Wagner, Ex. B, Standard Purchase Sale Agreement ("P&S Agreement"), ECF No. 29-1.[2]

Wagner signed the P&S Agreement on November 19, 2018, but the document lacked Freddie Mac's signature.  Aff. Wagner ¶¶ 6-7; P&S Agreement 7.  Freddie Mac signed the P&S Agreement on January 18, 2019 using the earlier closing date of November 30, 2018.  Am. Compl. ¶ 8.  On February 15, 2019 -- the final business day of the thirty-day period -- Wagner secured a loan subject to an extension, but Freddie Mac refused to grant this extension, arguing lack of "good cause" under the terms of the Stipulation, which allowed Freddie Mac "the discretion" to find "good cause."  Id. ¶¶ 10-12; Stipulation 4.  Thereafter, Freddie Mac attempted to obtain an execution in the underlying summary process action.  Id. ¶ 13.  The execution was stayed upon the filing of this action.  Id.

---

[2] Wagner states that "the Housing Court would not otherwise enforce the Stipulation as it had not been submitted to the Court by the parties for approval in the Summary Process action as an 'Agreement for Judgement.'"  Am. Compl. ¶ 13.

**B.    Procedural History**

In February 2016 Freddie Mac brought the summary process action in Southeast Housing Court for possession of the Property.  Wagner I 6.  The Housing Court on November 3, 2016, granted summary judgment on Freddie Mac's possession claim.  Id. at 1.  The Housing Court issued an execution for possession of the Property on September 20, 2019 which was subject to a thirty-day stay to allow Wagner to file an action for specific performance.  Def.'s App. Ex. Special Mot. Dismiss, Ex. C, Housing Court Docket 15, ECF No. 10-1; Am. Compl. ¶ 13.

On October 11, 2019, Wagner filed the present action in Housing Court, seeking to enforce specific performance of the contract to purchase the Property.  Notice Removal, Wagner v. Federal Home Loan Mortg. Corp. ("Wagner II"), Action No. 19H83CV00306, ECF No. 1.  On November 6, 2019, Freddie Mac removed the case to this Court.  Notice Removal ("Notice Removal"), ECF No. 1.  Freddie Mac also brought a special motion to dismiss under Massachusetts General Laws chapter 231, section 59H -- the so-called anti-SLAPP statute -- in response to Wagner's claims for breach of contract and unfair and deceptive business practices.  ECF Nos. 7-8.  The parties fully briefed the issues, and at a hearing on February 11, 2020 this Court granted the motion to dismiss without prejudice to Wagner moving for leave to file an amended complaint.  ECF Nos. 19, 24, 25.

Wagner now moves for leave to file an amended complaint, which Freddie Mac opposes.  ECF Nos. 26, 27, 32.

The parties here dispute whether the complaint states a claim for breach of contract and violation of Chapter 93A. Pl.'s Mem. Supp. Mot. Leave File Am. Compl. (Pl.'s Mem."), ECF No. 27; Def.'s Mem. Opp'n Pl.'s Mot. Leave File Am. Compl. ("Def.'s Opp'n"), ECF No. 32.

## II. ANALYSIS

Freddie Mac contends that the proposed amended complaint fails to state a claim for breach of contract, since it does not allege that Wagner is ready, willing and able to purchase the Property nor that Freddie Mac breached a material term of either the P&S Agreement or the Stipulation.  Def.'s Opp'n 3-8. Freddie Mac also argues that the complaint fails to state a claim for violation of chapter 93A since the claim exceeds the scope of the pre-litigation demand letter and fails to allege that Freddie Mac engaged in unfair or deceptive conduct or that Wagner suffered any damages.  Id. at 8-14.  Lastly, Freddie Mac seeks dismissal on the theory that the amended complaint is advanced in bad faith and is the result of Wagner's dilatory motives.  Id. at 14-17.

This Court concludes that Freddie Mac is correct in its argument that Wagner has failed to state a claim for breach of contract or violation of chapter 93A.  Since these conclusions

decide the case, this Court does not reach the arguments regarding Wagner's motives.

**A.   Standard of Review**

Federal Rule of Civil Procedure 15(a)(2) states that a party may amend a pleading "with the court's leave . . . when justice so requires."  Grounds for denying leave include "bad faith," "dilatory motive" or "futility of amendment."  Kader v. Sarepta Therapeutics, Inc., 887 F.3d 48, 60-61 (1st Cir. 2018) (quoting ACA Fin. Guar. Corp. v. Advest, Inc., 512 F.3d 46, 55-56 (1st Cir. 2008))

"An amended complaint is futile 'if the pined-for amendment does not plead enough to make out a plausible claim for relief.'"  President & Fellows of Harvard College v. Micron Tech., Inc., 230 F. Supp. 3d 46, 48 (D. Mass. 2017) (quoting HSBC Realty Credit Corp. (USA) v. O' Neill, 745 F.3d 564, 578 (1st Cir. 2014).  The district court applies the same sufficiency standard when reviewing for futility as for a Federal Rule of Civil Procedure 12(b)(6) challenge.  Tharp v. Acacia Communs., Inc., 321 F. Supp. 3d 206, 217-218 (D. Mass. 2018) (citing Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996).  "In order for the Plaintiffs to survive a motion to dismiss, their complaint must contain sufficient factual matters, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id. at 218 (quoting Bell Atl.

Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  It is insufficient to engage in "a mere recital of the legal elements supported only by conclusory statements."  Id.  The plaintiff need not prove that he or she will prevail at trial, but at a minimum the complaint "must establish more than simply a possibility of entitlement to relief."  Micron Tech., 230 F. Supp. 3d at 48.

### B.   Breach of Contract

Massachusetts law determines the elements of the parties' claims because the case is properly before this Court based on diversity jurisdiction.  Notice Removal ¶ 7; Edlow v. RBW, LLC, 688 F.3d 26, 31 (1st Cir. 2012).

> To prevail on a breach of contract claim in Massachusetts a plaintiff must 'demonstrate that there was an agreement between the parties; the agreement was supported by consideration; the plaintiff was ready, willing, and able to perform his or her part of the contract; the defendant committed a breach of the contract; and the plaintiff suffered harm as a result.'

Haven Real Estate Group, LLC v. Bell Atl. Mobile of Mass. Corp., 236 F. Supp. 3d 454, 462-63 (D. Mass. 2017) (Gorton, J.) (quoting Bulwer v. Mount Auburn Hosp., 473 Mass. 672, 690 (2016)).

Freddie Mac contends that the complaint does not sufficiently alleges that Wagner was "ready, willing, and able to perform," nor that it engaged in a "breach of the contract." Haven Real Estate Group, 236 F. Supp. 3d 454 at 463; Def.'s

Opp'n 3-8.  In particular, Freddie Mac argues that the amended
complaint contains only a formulaic recitation that Wagner is
ready, willing, and able to perform, but she has not provided
any "substantial and convincing evidence" of such assertion.
Id. at 4.  It further contends that Wagner is not now able to
tender payment because, as the amended complaint states, she has
not obtained approval for the transaction subsequent to February
2019.  Id. at 5.  Since Wagner's financial ability is an
essential element of her breach of contract claim and because
she does not have funds to consummate the transaction, Freddie
Mac insists, her claim must fail.  Id.

> In order for a seller to be in default, the buyer must
> manifest that he [or she] is 'ready, able, and willing
> to perform by setting a time and place for passing
> papers or making some other concrete offer of
> performance.'  'The weight of authority in this
> country is that the financial ability of a prospective
> buyer of property is a material issue in his action
> for damages against a repudiating defendant for breach
> of an agreement to sell that property for an
> established price.'

Pierce v. Clark, No. BACV2001-00496, 2005 Mass. Super. LEXIS
142, at *21-22 (Mass. Sup. Ct. Mar. 18, 2005) (internal
quotations omitted).  A buyer is ready, willing, and able to pay
the agreed-upon price when the buyer presents evidence of
sufficient funds available or sources "from which he [or she]
readily could have borrowed the available funds."  Id. at *23
(quoting Hastings v. Gay Mass. App. Ct. 157, 165 (2002)).

According to the terms of the Stipulation, the closing was to occur 30 days after the execution of the P&S Agreement. Stipulation 2.  The P&S Agreement was fully executed on January 18, 2019,[3] which means that the closing date would take place on or before February 18, 2019.[4]  Am. Compl. ¶ 8.  Wagner asserts that on February 15, 2019 she was able to procure an "approval" from Eastern Bank, subject to an extension of the P&S Agreement date.  Id. ¶¶ 10-11.  Wagner then requested an additional extension, which Freddie Mac "refused to consider."  Id. ¶ 12. If Wagner's "latest approval" was on February 15, 2019 -- on or before the expiration of the closing date --  and yet she requested additional time to close the sale, this Court -- even

---

[3] Wagner signed the P&S Agreement on November 19, 2018 while Freddie Mac signed it on January 18, 2019.  Am. Compl. ¶¶ 4, 8.

[4] The amended complaint refers to the January 18, 2019 P&S Agreement as the latest agreement between the parties.  See Am. Compl. ¶ 8.  The record shows, however, that the actual latest closing date agreed to by the parties was much later: May 20, 2019.  See Statement Undisputed Material Facts Supp. Def.'s Mot. Dismiss ("SOF") ¶ 102, ECF No. 9; Aff. Michelle C. Kern ¶¶ 70, 72, ECF No. 11; Aff. Marie Russell ¶ 28, ECF No. 12; Aff. Reneau J. Longoria, Esq. ¶ 56, ECF No. 13; Def.'s Appx. Ex. Mot. Dismiss, Ex. M., Am. Real Estate Purchase Contract, ECF No. 10-2.

Even taking May 20, 2019 as the closing date, the amended complaint does not plausibly allege that Wagner was ready, willing and able to perform.  The amended complaint clearly states that Wagner was unable to perform on May 20, 2019 since "[t]he latest approval [Wagner] received was from 'Eastern Bank', dated February 15, 2019."  Am. Compl. ¶ 11.

making all the inferences on her favor, -- can only find than she was unable to perform.[5]

Additional reasons also support this Court's findings. Wagner's argument that Freddie Mac breached the agreement because it refused to offer an extension of the closing date is meritless. First, Freddie Mac renewed the P&S Agreement several times, allowing for the extension of the closing date at least 6 times. See SOF ¶¶ 26-121. The Stipulation indicates that the closing shall occur within 30 days of the execution of the P&S Agreement and such term can be extended, for "good cause" and "in the discretion of [Freddie Mac]." Stipulation 2. The amended complaint does not plausibly allege a good cause for the extension of the agreement, nor that Freddie Mac abused the "discretion" in its determination not to extend the closing date.

Second, Freddie Mac was entitled to cancel the P&S Agreement since Wagner did not have a "prequalified" loan within 7 business days from the execution of the P&S Agreement. See Addendum #1 Contract Sale 46 ¶ 15 ("Addendum"), ECF No. 29-1.

---

[5] It is irrelevant whether Wagner currently has the financial ability to purchase the Property. The inquiry whether she was ready, willing and able to perform is made as of the date set for closing, since the parties agreed that time was of the essence. See Curley v. Mobil Oil Corp., 860 F.2d 1129, 1133 (1st Cir. 1988); See P&S Agreement ¶ 5.

Taking as true the amended complaint's representation that the P&S Agreement was executed on January 18, 2019, it would mean that Wagner had until January 29 to obtain loan prequalification.  Wagner obtained loan approval on February 15, 2019, outside this time period, allowing Freddie Mac to cancel the P&S Agreement at its discretion.[6]  See Def.'s Opp. 6-7; Addendum ("[t]he Contract of Sale may be cancelled by Seller in the event Purchaser is not 'prequalified' by a lender within seven (7) business days from the final execution date of the Contract of Sale").[7]

C.    **Chapter 93A**

Chapter 93A prohibits "unfair or deceptive acts or practices in the conduct of any trade or commerce."  M.G.L. ch. 93A, § 2(a).  A plaintiff must demonstrate the following to

---

[6] This Court would reach the same conclusion even had the P&S Agreement been executed after February 26, 2019 (7 business days after February 15, 2019 -- the latest date when Wagner obtained loan approval.  See Am. Compl. ¶ 11.

[7] Ordinarily, "courts may not consider any documents outside of the complaint, or not expressly incorporated therein, without converting the motion into one for summary judgment."  Carrero-Ojeda v. Autoridad de Energía Eléctrica, 755 F.3d 711, 716 (1st Cir. 2014) (citation and internal quotation marks omitted).  The First Circuit has recognized "a narrow exception for documents -- the authenticity of which is not challenged -- that are central to the plaintiff's claim or sufficiently referred to in the complaint, even if those documents are not physically attached to the pleading."  Id. at 717.  This is the case here. The parties do not dispute the authenticity of the P&S Agreement or Addendum, which are central to the complaint.

successfully claim a violation under Chapter 93A: "(1) a deceptive act or practice on the part of the defendant; (2) an injury or loss suffered by the plaintiff, and (3) a causal connection between the defendant's deceptive act or practice and the plaintiff's injury." Crosby Legacy Co., LLC v. Technipfmc Plc, Civ. A. No. 18-10814-MLW, 2019 U.S. Dist. LEXIS 193268, at *33-35 (D. Mass. Sep. 13, 2019) (Boal, M.J.). "Although whether a particular set of acts, in their factual setting, is unfair or deceptive is a question of fact, the boundaries of what may qualify for consideration as a [Chapter] 93A violation is a question of law." Id. at 34 (quoting Arthur D. Little, Inc. v. Dooyang Corp., 147 F.3d 47, 55 (1st Cir. 1998)).

Not just any breach of contract is sufficient to constitute an unfair or deceptive trade practice under Chapter 93A; a simple intentional or negligent breach does not qualify. Id. "In order to transform a breach of contract into a Chapter 93A claim, 'the breach must be both knowing and intended to secure 'unbargained-for benefits' to the detriment of the other party.'" Id. (quoting City of Revere v. Boston/Logan Airport Assocs., LLC, 416 F. Supp. 2d 200, 209 (D. Mass. 2005) (Gorton, J.)).

Chapter 93A requires that "a claimant seeking relief must send a written demand 'reasonably describing the unfair or deceptive act or practice relied upon' by the claimant."

Neuhoff v. Marvin Lumber & Cedar Co., 370 F.3d 197, 205 (1st
Cir. 2004) (quoting Mass. Gen. Laws ch. 93A, § 9(3)).

Freddie Mac's argument that the amended complaint exceeds
the scope of the pre-litigation demand letter under chapter 93A
has merit.  Def.'s Opp'n 9.  Wagner's demand letter does not
describe a breach of contract claim but rather refers to Freddie
Mac's "unwillingness" to give an extension of the closing or
execute a new P&S Agreement.[8]  Aff. Wagner, Tab. 2, 93A Demand
Letter (August 16, 2019), ECF No. 29-2.  Furthermore, "a failure
to respond or an inadequate response to a demand letter is not
itself a violation of Chapter 93A."  Dawe v. Capital One Bank,
Civ. A. No. 04-40192-FDS, 2007 U.S. Dist. LEXIS 82870, at *4 n.2
(D. Mass. Oct. 24, 2007) (Saylor, J.) (citing Heller v.
Silverbranch Constr. Corp., 376 Mass. 621, 627 (1978)).[9]

---

[8] A plaintiff's right to relief is foreclosed as matter of
law when the demand letter makes no reference to the particular
act which he or she asserts in court constitutes a violation of
Chapter 93A.  Bressel v. Jolicoeur, 34 Mass. App. Ct. 205, 211
(1993)

[9] Furthermore, the amended complaint does not plausibly
allege that Freddie Mac acted "in disregard of known contractual
arrangements," and even taking as true the allegation that it
breached the P&S Agreement, that it did so with the intent to
secure unbargained for benefits for itself.  See Arthur D.
Little, Inc., 147 F.3d at 55.  The amended complaint states only
that Freddie Mac delayed the execution of the P&S Agreement and
that it refused to modify the terms of the Stipulation.  See Am.
Compl. ¶¶ 8, 11, 12, 28.  These related events do not plausibly
constitute an attempt on Freddie Mac's part to "enhance
bargaining power," or act in a coercive or extortionate manner.
Arthur D. Little, Inc., 147 F.3d at 55. (collecting cases).

[13]

**III. CONCLUSION**

For the aforementioned reasons, this Court **DENIES** Wagner's motion for leave to file the amended complaint, ECF No. 26.  The case is hereby **DISMISSED**.

**SO ORDERED.**

/s/ William G. Young
WILLIAM G. YOUNG
DISTRICT JUDGE